File Name: 09a0369n.06

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 08-5244

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

**FILED**
May 22, 2009
LEONARD GREEN, Clerk

DAVID PARKER; LINDA PARKER; and A.P., by and through his next friends, David Parker and Linda Parker, his parents,

      Plaintiffs-Appellants,

v.

FAYETTE COUNTY PUBLIC SCHOOLS; BETTY HAYES, in her individual capacity; CHARLOTTE JERNIGAN, in her individual capacity;

      Defendants-Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY

_____/

BEFORE:    MARTIN and KETHLEDGE, Circuit Judges; and WATSON, District Judge.[*]

    **BOYCE F. MARTIN, Jr., Circuit Judge.** This is a section 1983 suit brought by parents of a child with autism against his school and the school employees charged with his care. The child, A.P., wandered out of gym class and was found several hours later, unclothed and covered in mud. The suit alleges that the school had an affirmative duty to protect the child from harm and that its failure to do so violated the child's due process right to bodily integrity under the 14th Amendment.

---

    [*] Hon. Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

The district court held that the suit failed to establish a constitutional violation and granted summary judgment for the defendants. We AFFIRM.

I.

A.P. is a largely non-verbal child with autism in the special education program at Lexington Traditional Magnet School. Defendant Betty Hayes worked as a teacher's aid in A.P.'s school and was assigned to watch A.P. and another special ed student during their sixth grade gym class on April 22, 2005. While under Hayes' watch, A.P. wandered out of his afternoon gym class through an open gym door and out into the surrounding neighborhood. Upon discovering A.P.'s absence, Hayes notified school officials, who initiated a search. With the help of local police, A.P. was found several hours later, naked and covered in mud, a number of blocks away from school. There is no evidence A.P. was harmed during his absence from school and no evidence as to why he was not clothed when found.[1]

A.P.'s parents filed suit on his behalf in Fayette County court against the Fayette County School Board, alleging that A.P. was harmed by its negligence. The school board moved to dismiss based upon governmental immunity. A.P. then filed an amended complaint adding a section 1983 claim against Hayes, A.P.'s gym teacher, Barbara Spitz,[2] and school principal Charlotte Jernigan, each in their individual capacities. A.P.'s section 1983 claim alleged that in allowing him to wander out of gym class the defendants had violated his substantive due process right "to be secure at

___

[1] After being found, A.P. was examined at the University of Kentucky hospital and by his pediatrician; neither examination found any signs of emotional or physical trauma, and no evidence of such has subsequently emerged.

[2] Spitz was later dismissed from the suit on the plaintiffs' motion.

school." The defendants removed the case to federal court. After discovery, the district court granted summary judgment for defendants on A.P.'s section 1983 claim and declined to exercise jurisdiction over his state law claim. A.P. now appeals.

II.

The standard of review of a district court's grant of summary judgment is de novo. Section 1983 provides a cause of action for individuals that have been deprived of federal rights by individuals acting under color of state law. Accordingly, to survive summary judgment in a § 1983 action, the plaintiff must demonstrate a genuine issue of material fact as to two things: "1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law." *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006). Because no reasonable juror could find that A.P. was deprived of a constitutional right, we affirm the district court's grant of summary judgment for the defendants in this case.

A.P. styles his claim as alleging a violation of his right to bodily integrity, but he fails to offer any evidence that right was violated during his absence from school. As the district court observed: "The evidence establishes that A.P. was found dirty and unclothed, but there is no evidence of any trauma or injury, physical or otherwise. In fact, A.P.'s father testified that A.P. appeared to suffer no physical or psychological injuries stemming from his disappearance from LTMS." So, whether or not A.P. can show action "under color of state law," he has failed to create a genuine issue of material fact as to whether a constitutional violation occurred because he has not offered evidence that a constitutionally protected interest was infringed. *Compare with McQueen,* 433 F.3d at 463

("It goes without saying that an individual's interest in preserving her life is one of constitutional dimension. Therefore the first element—deprivation of a right secured by the Constitution or laws of the United States—is clearly satisfied. ") (citation omitted); *Soper ex rel. Soper v. Hobbs*, 195 F.3d 845, 852 (6th Cir.1999) (due process right to bodily integrity); *Doe v. Claiborne County*, 103 F.3d 495, 506-07 (6th Cir. 1996) (due process right to bodily integrity); *Sargi. v Kent City Bd. of Education*, 70 F.3d 907, 910 (6th Cir. 1995) (due process right to life). Accordingly, his section 1983 claim fails.[3]

III.

We AFFIRM the district court's grant of summary judgment in favor of the defendants.

---

[3] For this reason, we need not address A.P.'s arguments that defendants had an affirmative duty to protect his constitutional rights from infringement by private actors.